UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X

Brendon Schlitz,

                    Petitioner,          CV-05-5716 (CPS)

   - against -                        MEMORANDUM OPINION
                                            AND ORDER

T.S. Craig, Warden FCI Raybrook;
et al.,

                    Respondent.

------------------------------------------X



SIFTON, Senior Judge.

    Petitioner Brendon Schlitz ("petitioner") brings this action against the Warden ("respondent") of the Federal Correctional Institution in Ray Brook, New York ("FCI Ray Brook").[1] Specifically, petitioner is challenging respondent's refusal to consider him for transfer to a halfway house based on his failure to complete a 40-hour drug treatment program. For the reasons that follow, the habeas petition is ordered transferred to the United States District Court for the Northern District of New York.

### BACKGROUND

    The following facts are taken from the parties' submissions in connection with this motion. They are undisputed.

    On June 7, 2000, petitioner Brendon Schlitz, pursuant to a

---

[1] Petitioner lists "T.S. Craig, Warden FCI Raybrook; et al." as "Respondents" in the caption of his habeas petition but he does not specify to whom "et al." refers. The correct name of the FCI Ray Brook Warden appears to be "T.R. Craig." As discussed below, Warden Craig is the proper respondent in an action such as this.]

-2-

plea agreement, was sentenced by this Court to a term of 108 months of imprisonment for violating 18 U.S.C. § 1962 (RICO). Petitioner is currently serving his sentence at FCI Ray Brook.

In his petition, filed on November 8, 2005, petitioner alleges that Warden Craig refused to allow his transfer to a Community Corrections Center ("CCC") based on petitioner's failure to complete a 40-hour drug treatment program, a pre-requisite to the transfer, and that this refusal violated 18 U.S.C. § 3524 (c), which provides:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

Petitioner argues that he should not be required to complete the drug treatment program as a pre-requisite to being transferred because the crime for which he was convicted was unrelated to any personal drug abuse and because this Court sentenced him to a drug treatment program to begin upon his discharge from custody. Petitioner asks this Court, pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2255, to order the respondent to "forthwith institute the necessary paperwork for the Plaintiff's placement eligibility in a CCC...."[2]

On December 1, 2005, I issued an order to show cause why the

---

[2] As discussed below, this Court will construe the petition as having been brought under 28 U.S.C. § 2241.

-3-

requested relief should not be granted. On December 5, 2005, Assistant United States Attorney William Gurin responded to the order to show cause, arguing only that this Court lacks jurisdiction to hear the petition.

For the reasons that follow, the habeas petition is ordered transferred to the United States District Court for the Northern District of New York.

### DISCUSSION

Because the petition was filed *pro se*, the court must give petitioner "every reasonable opportunity to demonstrate a valid complaint," *LaBounty v. Adler*, 933 F.2d 121, 122 (2d Cir.1991), and construe the "*pro se* petitioner's motion liberally in his favor." *Vasquez v. United States of America*, 1999 WL 549004, at *2 (S.D.N.Y. 1999); *Haines v. Kerner*, 404 U.S. 519, 52-21 (1972); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999).

Although petitioner states that he has filed his habeas petition pursuant to 28 U.S.C. § 2255, I construe the petition as having been filed pursuant to 28 U.S.C. § 2241, which constitutes the proper means for bringing such a challenge. *See Chambers v. U.S.*, 106 F.3d 472, 474 (2d Cir. 1997) (stating, "[a] petitioner seeking to challenge the legality of the *imposition* of a sentence by a court may [ ] make a claim pursuant to Section 2255.... A challenge to the *execution* of a sentence, however, is properly filed pursuant to Section 2241.") The proper respondent for a § 2241 petition is the warden of the prison where petitioner is being held. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

-4-

However, jurisdiction to hear § 2241 petitions lies only with the district court of the district in which the petitioner is confined. 28 U.S.C. § 2241(a) provides, in relevant part, that "[w]rits...may be granted by...district courts...within their respective jurisdictions." The United States Supreme Court clarified this jurisdictional grant in *Rumsfeld v. Padilla*, stating, "jurisdiction lies in only one district: the district of confinement." 542 U.S. at 443. Before *Padilla*, courts in this circuit had interpreted the jurisdictional grant in § 2241(a) to be "co-extensive with the scope of service of process." *United States ex rel. Sero v. Preiser*, 506 F.2d 1115, 1128 (2d Cir.1974); *see also Brooks v. Strack*, 1999 WL 672949, at 3 (E.D.N.Y. 1999)(finding that the Eastern District had jurisdiction where the habeas petitioner was detained in the Southern District of New York); *Rosario v. United States of America*, 2004 WL 439386 at 3 (S.D.N.Y. 2004)(finding that the Southern District had jurisdiction where the habeas petitioner was detained in the Eastern District). However, the *Padilla* court, in holding that jurisdiction lies only in the district of confinement, reasoned that when Congress intended for more than one district court to retain jurisdiction over a habeas petition, it "fashion[ed] explicit exceptions." 542 U.S. at 444. For example, 28 U.S.C. § 2241(d) states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person

-5-

> is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

"Similarly, until Congress directed federal criminal prisoners to file certain postconviction petitions in the sentencing courts by adding § 2255 to the habeas statute, federal prisoners could litigate such collateral attacks only in the district of confinement." 542 U.S. at 444. "Both of these provisions would have been unnecessary if, as the Court of Appeals believed, § 2241's general habeas provisions permit a prisoner to file outside the district of confinement." *Id*. The Court stated that when a habeas petition is filed with a court lacking jurisdiction, that court may transfer the petition to the appropriate court. *Id*.

Neither of the "explicit" exceptions applies in the present case, and FCI Ray Brook falls within the Northern District of New York. Thus, this Court lacks jurisdiction to hear the case, and the case must be transferred to the United States District Court for the Northern District of New York. *See, e.g., Kahn v. Ashcroft*, 2004 WL 1888749 (E.D.N.Y. 2004) (transferring a § 2241 petition to the United States District Court for the Northern District of New York pursuant to *Padilla*).

-6-

## CONCLUSION

For the reasons stated above, this Court orders the habeas petition transferred to the United States District Court for the Northern District of New York.

The clerk is directed to furnish a copy of the within to all parties.

SO ORDERED.

Dated :   Brooklyn, New York
         December 8, 2005

                                    s/ Charles P. Sifton
                                    _____
                                    United States District Judge